# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**ISIAH SAUNDERS,**

        **Plaintiff,**

v.                               **Case No: 6:25-cv-00260-PGB-RMN**

**DEWANTREZ HENDERSON,
STANLEY BROOKS, BAYO
BROOKS, GYMACO BROOKS,
and EBONY JONES,**

        **Defendants.**

_____/

## ORDER

This cause is before the Court upon *pro se* Plaintiff Isiah Saunders ("**Plaintiff**") Emergency Motion for a Temporary Restraining Order ("**TRO**"). (Doc. 2 (the "**Motion**")). Upon consideration, the Motion is due to be denied without prejudice.

### I.    BACKGROUND

Plaintiff initiated this action on February 18, 2025. (Doc. 1 (the "**Complaint**")). The same day, Plaintiff filed the instant Motion requesting a TRO. (Doc. 2). Therein, Plaintiff alleges that Defendant Ebony Jones—the mother of Plaintiff's child—stabbed Plaintiff. (*Id.* at p. 1). Moreover, Plaintiff asserts that Plaintiff has been "threatened, stalked and harassed" and "clear and credible

threats" have been made to Plaintiff's life by various individuals. (*Id.* at pp. 2–3).[1]

As such, Plaintiff states that Plaintiff "remain[s] at extreme risk of harm or death" and requests a TRO against all Defendants in this action. (*Id.*).

## II.   STANDARD OF REVIEW

District courts may issue temporary restraining orders in limited circumstances. *See* FED. R. CIV. P. 65(b)(1); Local Rule 6.01. Specifically, Federal Rule of Civil Procedure 65, in relevant part, provides:

> (b) Temporary Restraining Order.
>
> (1) *Issuing Without Notice.* The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
>
> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

FED. R. CIV. P. 65(b)(1). In addition, courts may only issue a temporary restraining order "if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." FED. R. CIV. P. 65(c).

---

[1]   In the Complaint, Plaintiff vaguely alludes to "Defendants" engaging "in relentless electronic surveillance, communication manipulation, and hacking, preventing me from securing employment, stable housing, or safety." (Doc. 1, p. 3). Moreover, Plaintiff asserts that Defendant Ebony "is colluding with outside parties." (*Id.*). However, the specific role of each of the named Defendants in this action is unclear—as is any reference to unspecified "outside parties." (*Id.*).

In addition, Local Rule 6.01 requires that a motion for a temporary restraining order include:

> (1) "Temporary Restraining Order" in the title;
>
> (2) specific facts—supported by a verified complaint, an affidavit, or other evidence—demonstrating an entitlement to relief;
>
> (3) a precise description of the conduct and the persons subject to restraint;
>
> (4) a precise and verified explanation of the amount and form of the required security;
>
> (5) a supporting legal memorandum; and
>
> (6) a proposed order.

Local Rule 6.01(a). The aforementioned legal memorandum must also establish the following:

> (1) the likelihood that the movant ultimately will prevail on the merits of the claim,
>
> (2) the irreparable nature of the threatened injury and the reason that notice is impractical,
>
> (3) the harm that might result absent a restraining order, and
>
> (4) the nature and extent of any public interest affected.

Local Rule 6.01(b).

## II. DISCUSSION

Plaintiff's Motion fails to meet virtually any of the aforementioned requirements set forth under Rule 65 and Local Rule 6.01.[2] (*See* Doc. 2).

---

[2] Although *pro se* pleadings are liberally construed, courts are not required to "act as de facto counsel or rewrite an otherwise deficient pleading to sustain an action." *Bilal v. Geo Care, LLC*, 981 F.3d 903, 911 (11th Cir. 2020).

For one, Plaintiff has failed to provide any indication that Defendants have been notified of the Motion—nor has Plaintiff informed the Court of "any efforts made to give notice and the reasons why it should not be required." FED. R. CIV. P. 65(b)(1)(B). As such, Plaintiff must comply with the specific requirements of Rule 65(b)(1) for issuing a TRO *without notice*. Consequently, Plaintiff's failure to comply with Rule 65(b)(1) provides a sufficient basis alone for the Court to deny the instant Motion.

In addition, Plaintiff's Motion does not comply with Local Rule 6.01. First, Plaintiff fails to provide "specific facts . . . demonstrating an entitlement to relief." Local Rule 6.01(a)(2).[3] Plaintiff asserts that Defendant Ebony Jones stabbed Plaintiff, but proceeds to vaguely allude to "a larger pattern of targeted violence and coordinated threats" by unspecified individuals. (*See* Doc. 2). As such, Plaintiff argues that "[i]f relief is not granted immediately, [Plaintiff] remain[s] at extreme risk of harm or death." (*Id.*). Ultimately, Plaintiff does not indicate the *specific* facts or circumstances that demonstrate entitlement to the relief requested. Similarly, second, Plaintiff fails to include "a *precise* description of the conduct and the persons subject to restraint." Local Rule 6.01(a)(3) (emphasis added). Plaintiff sets forth a few broad statements to support the TRO request, such as that Plaintiff has been "threatened, stalked, and harassed both in person and online" and there have been "clear and credible threats to [Plaintiff's] life." (*Id.*). However, the specifics of such conduct remain unclear, as does each Defendant's particular role in the

---

[3] Relatedly, the Court's jurisdiction over this matter is also unclear.

alleged actions. Simply put, Plaintiff neither provides detail to support the vaguely alleged conduct nor connects the individual Defendants to the requested relief. (*See id.*). Third, Plaintiff does not address Local Rule 6.01(a)(4). (*See id.*). Fourth, Plaintiff's Motion fails to include a legal memorandum as required by Local Rule 6.01(a) and does not address the requirements set forth by Local Rule 6.01(b). (*See id.*). Indeed, Plaintiff fails to provide any argument, law, or facts to establish that the Local Rule 6.01(b) elements have been met. (*See id.*).

Ultimately, because injunctive relief is an extraordinary remedy, proper procedure must occur prior to the issuance of such relief. *See Rumfish Y Vino Corp. v. Fortune Hotels, Inc.*, 403 F. Supp. 3d 1227, 1231 (M.D. Fla. 2019) (citations omitted). Consequently, Plaintiff's Motion is denied without prejudice.

### IV. CONCLUSION

Accordingly, Plaintiff's Emergency Motion for a Temporary Restraining Order (Doc. 2) is **DENIED WITHOUT PREJUDICE**.

**DONE AND ORDERED** in Orlando, Florida on February 20, 2025.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties